

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

Affirmed by _____

. February 25, 1972

Dr. David Wade
Commissioner
Texas Department of Mental
 Health and Retardation
Box 12668, Capitol Station
Austin, Texas    78711

Opinion No. M-1075

Re: Whether State employees
    covered under the pro-
    visions of Article II,
    Section 7 of the present
    appropriation bill are
    entitled to be compensated
    for accumulated vacation
    in the event of their
    resignation, dismissal or
    separation from State

Dear Dr. Wade:

employment.

        You request our opinion on how accumulated vacation
time should be treated when an employee resigns or is dismissed
or separated from State employment.

        This office has issued a number of opinions on this
question.  We are not now called upon to question their cor-
rectness when written based on the prevailing law existing at
the time they were issued.

        However, in 1969 the 61st Legislature enacted House Bill
774 (codified as Article 6252-8a, Vernon's Civil Statutes) and
changed the language in the appropriation bill that governed
vacation time.

        In order to compare the language change in vacation en-
titlement that occurred in 1969, we copy the relevant portions
of the general appropriation bills that were passed by the 60th
Legislature and the 61st Legislature.

        Article V, Section 7 of the General Appropriations Act
of the 60th Legislature (Acts 60th Leg., 1st C.S., 1968, p. 363),
in its relevant portion, reads as follows:

        "Sec. 7.  EMPLOYEE VACATION AND LEAVES.
        a.  Annual employees of the State shall, with-
        out deduction in salary, be entitled to a
        vacation that is equivalent to not more than
        one normal working day for each month of service,

-5266-

not to exceed a total vacation of two normal
work weeks in any one fiscal year."

Article V, Section 7 of the General Appropriations Act
of the 61st Legislature (Acts 61st Leg., 2nd C.S., 1969, p.
1015), in its relevant part, reads as follows:

"Sec. 7.  EMPLOYEES VACATION AND LEAVES.
a.  Annual employees of the State shall, with-
out deduction in salary, be entitled to a
vacation of two normal work weeks in any one
fiscal year, such entitlement to be accrued
proportionately for each month of service
during the year." (Emphasis added.)

This identical language is also stated in the current General
Appropriation Act (Acts 62nd Leg. R.S., 1971, p. 3796).

We note that the phrase "such entitlement to be accrued
proportionately for each month of service during the year" was
added by the 61st Legislature.  The key word is accrued.

Webster's Third New International Dictionary defines
the word accrue as follows:  "To come into existence as an
enforceable claim; vest as a right."

The 61st Legislature also enacted Article 6252-8a, Sec.
2 of which reads:

"Upon the death of a state employee, the
state shall pay his estate for all of the
employee's accumulated vacation leave and for
one-half of his accumulated sick leave.  The
payment shall be calculated at the rate of
compensation being paid the employee at the
time of his death."  (Emphasis added.)

This Act became effective on May 14, 1969.

Our opinion is that vacation entitlement is a benefit and
right that accrues proportionately for each month of service dur-
ing the year and becomes a vested right of the employee that can-
not be destroyed or impaired by his resignation, dismissal or
separation from State employment.  It is a right that becomes
vested in him as it is earned and a State employee should be com-
pensated for all vacation time duly accrued.  The right to receive
pay for this accumulated vacation leave survives to his estate.
These accumulations of rights are limited by statute.  See Attorney
General Opinion M-984 (1971).

Dr. David Wade, page 3            (M-1075)

        The right accrues under the statutes and contract of employment. It is a contract right protected by both the Texas and United States Constitutions. Texas Constitution, Art. I, Sec. 16; United States Constitution, Art. I, Sec. 10; Mellinger vs. City of Houston, 68 Tex. 37, 3 S.W. 249, 252 (1887).

        Our Opinions M-731 (November, 1970) and M-811 (March, 1971) recognized that vacation entitlement was now a right granted by statute and held that such right passed upon the death of the employee to his estate.

        It is, therefore, the opinion of this office that a State employee is entitled to be paid for all vacation time duly accrued and all resignations, dismissals or separations from State employment must be accomplished effective on a date which will permit the employee to be paid for his accumulated vacation. All opinions on this subject prior to enactment of Article 6252-8a, are no longer applicable.

## SUMMARY

        Accrued vacation time of state employees is a vested right of those employees and of their estates.

                        Very truly yours,

                        CRAWFORD C. MARTIN
                        Attorney General of Texas

Prepared by Linward Shivers
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
John Reeves
Roger Tyler
Lewis Jones
Rex H. White, Jr.

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant